1  Samuel R. Maizel (CA Bar No. 189301)
   Scotta E. McFarland (CA Bar No. 165391)
2  Pamela E. Singer (CA Bar No. 224758)
   PACHULSKI STANG ZIEHL & JONES LLP
3  10100 Santa Monica Blvd., 11th Floor
   Los Angeles, California  90067-4100
4  Telephone: 310/277-6910
   Facsimile:  310/201-0760
5
   Attorneys for Debtor and Debtor
6  in Possession Delta Entertainment Corporation

7

8              UNITED STATES BANKRUPTCY COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10                 LOS ANGELES DIVISION

11  | In re:                          | Case No.: LA 07-16302-EC |

12  | DELTA ENTERTAINMENT             | Chapter 11 |
    | CORPORATION, a California       |

13  | corporation,                    | **NOTICE OF MOTION AND MOTION OF DEBTOR FOR ORDER EXTENDING** |

14  |                      Debtor.    | **DEADLINE TO ASSUME, ASSUME AND ASSIGN, OR REJECT NONRESIDENTIAL** |

15  |                                 | **REAL PROPERTY LEASES PURSUANT TO 11 U.S.C. § 365(d)(4); MEMORANDUM OF** |

16  |                                 | **POINTS AND AUTHORITIES IN SUPPORT THEREOF** |

17  |                                 |

18  |                                 | [Declaration of Wolfgang Fetten filed concurrently herewith] |

19  |                                 | No Hearing Required Per Local Bankruptcy Rule 9013-1(g) |

20

21

22  **TO THE HONORABLE ELLEN CARROLL, UNITED STATES BANKRUPTCY JUDGE,**

23  **ANY PARTIES REQUESTING SPECIAL NOTICE, LANDLORDS FOCUS THREE LLC**

24  **AND 1663 SAWTELLE LLC, THE CREDITORS' COMMITTEE AND ITS COUNSEL, AND**

25  **THE OFFICE OF THE UNITED STATES TRUSTEE:**

26       **PLEASE TAKE NOTICE** that Delta Entertainment Corporation, the above-captioned

27  debtor and debtor in possession (the "Debtor"), through its undersigned counsel, hereby moves (the

28  "Motion") the Court for entry of an order under section 365(d)(4)(B)(i) of title 11 of the United

17988-001\DOCS_LA:174495.1

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1    States Code, 11 U.S.C. §§ 101-1530 (the "Bankruptcy Code") extending the deadline for the Debtor

2    to assume, assume and assign, or reject two unexpired non-residential real property leases: (1) an

3    office lease at 1663 Sawtelle Boulevard, Los Angeles, California 90025 (the "Office Lease"), and

4    (2) a warehouse lease at Lot Number Six, Section Two, Midwest Industrial Park, Richmond, Wayne

5    County, Indiana (the "Warehouse Lease, and collectively with the Office Lease, the "Leases")[1] to

6    February 21, 2008,[2] an additional 90 days beyond the general, 120-day statutory deadline under

7    section 365(d)(4) of the Bankruptcy Code, which is November 23, 2007.

8        **PLEASE TAKE FURTHER NOTICE** that, as set forth in the attached Memorandum of

9    Points and Authorities, the Debtor requests an extension of the deadline under section 365(d)(4) of

10   the Bankruptcy Code because the Debtor has had an insufficient time in the few months it has been a

11   debtor in possession to finalize its preparations for the sale of its assets and to thus determine

12   whether the Leases should be rejected, assumed, or assumed and assigned. As described more fully

13   in the attached Memorandum, the Leases are essential to preserving operations and going concern

14   value. Further, the Debtor has paid its administrative rent due under the Leases and will continue to

15   honor its monetary obligations under the Leases during the proposed extended period. Thus, the

16   landlords will not suffer any prejudice if the extension is granted.

17       **PLEASE TAKE FURTHER NOTICE** that the Debtor has served a copy of this Notice of

18   Motion and Motion to: (1) the Office of the United States Trustee; (2) counsel for the Official

19   Committee of Unsecured Creditors (the "Committee") appointed in this case; (3) counsel for

20   Commerzbank AG and Sparkasse Koln Bonn; (4) the landlords under the Leases; and (6) all parties

21   who have requested special notice in this case.

22       **PLEASE TAKE FURTHER NOTICE** that the Motion is based on and supported by this

23   Notice of Motion and Motion, the attached Memorandum of Points and Authorities

24   _____

25   [1]      Nothing herein shall be construed as a concession or evidence that any of the Leases (a) is actually a "lease", "license" or "executory contract" within the meaning of 11 U.S.C. § 365 and other applicable law; or (b) has not expired,

26   been terminated, or otherwise is not currently in full force and effect. Rather, the Debtor expressly reserves all of its rights with respect thereto, including its right to seek a later determination of these issues and its right to dispute the validity, status, characterization, or enforceability of any of the Leases.

27   [2]      November 22, 2007 is the 120th day after the petition date; however that day is a legal holiday (Thanksgiving

28   Day). Therefore, the deadline is November 23, 2007. Fed. R. Bankr. P. 9006. The 90th day after November 23, 2007 is February 21, 2008.

2

1  ("Memorandum"), and Declaration of Wolfgang P. Fetten, Chief Executive Officer of the Debtor,

2  the statements, arguments and representations of counsel who appear at the hearing on the Motion,

3  the record in this case, any other evidence properly before the Court prior to or at the hearing on the

4  Motion, and all matters of which this Court may properly take judicial notice.

5       **PLEASE TAKE FURTHER NOTICE** that pursuant to Local Bankruptcy

6  Rule 9013-1(g)(1), any response to the Motion and request for hearing shall be filed with the Court

7  and served upon undersigned counsel for the Debtor within fifteen (15) days of the date of this

8  notice. Any response must be in writing and comply with Local Bankruptcy Rule 9013-1(g) and

9  shall include a brief but complete statement of all reasons in opposition and declarations and copies

10  of all documentary evidence on which the responding party intends to rely. The failure to timely file

11  and serve written opposition and a request for a hearing may be deemed by the Court to be consent

12  to the granting of the relief requested in the Motion, which may be granted without further notice or

13  hearing.

14       **WHEREFORE**, the Debtor respectfully requests that the Court enter an Order (i) granting

15  the Motion, (ii) extending the time for the Debtor to assume or reject its real property leases until

16  February 21, 2008, and (iii) granting such other and further relief as it deems necessary and

17  appropriate.

18  Dated: October 26, 2007            PACHULSKI STANG ZIEHL & JONES LLP

19

20                                 By    _____

21                                       Samuel R. Maizel
                                         Attorneys for Debtor and Debtor in Possession
22

23

24

25

26

27

28

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

3

17988-001\DOCS_LA:174495.1

1

# MEMORANDUM OF POINTS AND AUTHORITIES

2

## I.

3

## JURISDICTION AND VENUE

4      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue is

5   proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to

6   28 U.S.C. § 157(b)(2). The statutory predicate for the relief requested herein is section 365(d)(4) of

7   the Bankruptcy Code.

8

## II.

9

## INTRODUCTION

10      The Debtor has two unexpired non-residential real property leases: (1) an office lease at 1663

11   Sawtelle Boulevard, Los Angeles, California 90025 (the "Office Lease"), and (2) a warehouse lease

12   at Lot Number Six, Section Two, Midwest Industrial Park, Richmond, Wayne County, Indiana (the

13   "Warehouse Lease, and collectively with the Office Lease, the "Leases").[3] Section 365(d)(4) of the

14   Bankruptcy Code requires that the Debtor assume, assume and assign, or reject the Leases within

15   120 days of the commencement of the case; in this case that deadline is November 23, 2007.

16   Through this Motion, the Debtor seeks an extension to February 21, 2008,[4] an additional 90 days,

17   within which to assume, assume and assign, or reject the Leases, under section 365(d)(4)(B) of the

18   Bankruptcy Code. This relief is required because the Debtor needs additional time to find a potential

19   buyer of its assets, and maintaining the Leases is essential to maintaining the going concern value of

20   the Debtor's assets.

21

22

23

24

---

[3]      Nothing herein shall be construed as a concession or evidence that any of the Leases (a) is actually a "lease",
25   "license" or "executory contract" within the meaning of 11 U.S.C. § 365 and other applicable law; or (b) has not expired,
been terminated, or otherwise is not currently in full force and effect. Rather, the Debtor expressly reserves all of its
26   rights with respect thereto, including its right to seek a later determination of these issues and its right to dispute the
validity, status, characterization, or enforceability of any of the Leases.

27   [4]      November 22, 2007 is the 120th day after the petition date; however that day is a legal holiday (Thanksgiving
Day). Therefore, the deadline is November 23, 2007. Fed. R. Bankr. P. 9006. The 90th day after November 23, 2007 is
28   February 21, 2008.

4

17988-001\DOCS_LA:174495.1

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

# III.

# BACKGROUND

## A.    Background

### 1.    The Bankruptcy Filing

On July 25, 2007 (the "Petition Date"), Delta Entertainment Corporation, a California Corporation (the "Debtor"), filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in this Court. The Debtor continues to manage its assets and properties as a debtor in possession pursuant to sections 1107 and 1108. No trustee or examiner has been appointed in this case; a Creditors' Committee has been appointed.

### 2.    General Description of the Debtor

The Debtor is one of the world's top independent music CD and video DVD labels. It owns an extensive catalog of licensed music and video content, which it packages and sells primarily in the "budget" sector. Its CD catalog includes classical, pop, rock, contemporary, nature, new age, and Christmas categories. Its DVD catalog includes a wide selection of special interest, documentaries, music, children's categories and classic film and TV programs.

The Debtor has provided songs from its catalog for numerous "hit" films, including *Harry Potter and the Prisoner of Azkaban*, *My Big Fat Greek Wedding*, and *Forrest Gump*. It also has provided songs for numerous television shows, including *CSI*, *The Sopranos*, and *Sex and the City*.

The Debtor is recognized in the industry for producing new and different products of excellent quality more quickly than its competitors. It is also perceived in the industry as having the best art work in the market. This combination of a broad and deep catalog, ability to quickly produce timely high-quality material, all supported by excellent packaging and marketing, enabled the Debtor to remain profitable from its inception to approximately 2004.

### 3.    Corporate History

The Debtor was founded in the United States in 1987. Its parent company, which owns 100% of the Debtor's stock, is Delta Music Unternehmensverwaltungs GmbH ("Delta GmbH"); 100% of Delta GmbH's stock is owned by Delta Music Holding AG ("Delta AG"). Delta GmbH and Delta AG both are headquartered in Germany. Delta AG is, itself, currently in a bankruptcy

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

17988-001\DOCS_LA:174495.1

1    proceeding in Germany and is being run by a bankruptcy trustee.  The Debtor's head office (indeed,

2    its only office) is located in Los Angeles, California.  Its distribution center is centrally located in

3    Richmond, Indiana.

### 4.    Events Precipitating the Bankruptcy Filing

5    From 1997 to approximately 2004, the Debtor generated 40% of its annual sales from

6    accounts with three major retailers: Wal-Mart, Costco and Sam's Club.  However, from 2004 to

7    2006, net sales to Wal-Mart declined 65% and net sales from Sam's Club declined 83%.  In addition,

8    Sam's Club ended direct sales and required all manufacturers to sell their product through a separate,

9    for-profit distribution company, further reducing the Debtor's margins.  From 2005 to 2006, net

10    sales to Costco declined 100% because Costco changed its buying policy by leaving the budget

11    sector – the Debtor's niche -- altogether.

12    Broad market changes contributed to these sales reductions.  Consumers have been switching

13    to downloading formats, such as iPods and file sharing.  Most consumers have now replaced their

14    old vinyl LP and VHS catalogs with CDs and DVDs, such that the pace of CD and DVD purchases

15    has reduced across the board.  Piracy has also contributed to depressed prices.

16    Since 2005, major studios entered the DVD budget sector with special offers on front-line

17    products that the Debtor could not profitably match.  Recent dissolutions of Tower Records,

18    Musicland, Ventura Distribution, Entertainment Resources and UAV have saturated the market with

19    deeply discounted merchandise including both budget (the Debtor's category) and front-line

20    products.

21    The price that the Debtor could demand for its product declined and its margins flattened.

22    However, the Debtor still had significant royalty obligations and fixed costs which it could not

23    reduce fast enough to respond to the current market situation.  As a result, for the majority of the

24    Debtor's products (both CD and DVD formats), the Debtor could not reduce costs in such a way as

25    to sell its product profitably.

26    On July 23, 2007, one of the Debtor's creditors, Sony DADC US Inc. ("Sony") filed suit

27    against the Debtor in the Superior Court of the State of California, County of Los Angeles alleging

28    that it was owed approximately $1.1 million.  On July 24, 2007, Sony obtained a writ of attachment.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

6

1   That same day, the Los Angeles County Sheriff's Department executed the writ, and as a result, the

2   Debtor's bank accounts at Manufacturer's Bank were frozen.  The Debtor filed its petition on July

3   25, 2007 to regain control of its bank accounts and to work out a plan of reorganization or sell its

4   assets.

5               **5.       Allegedly Secured Debt**

6           Sparkasse KolnBonn, a German bank, asserts that as of the Petition Date, the Debtor is

7   indebted to it pursuant to a certain loan and security agreement in the principal amount of $2.5

8   million, together with accrued and unpaid interest.  Commerzbank AG, a German Bank, asserts that

9   as of the Petition Date, the Debtor is indebted to it pursuant to a certain loan and security agreement

10  in the principal amount of $2.2 million, together with accrued and unpaid interest.  The foregoing

11  agreements between the Debtor, on the one hand, and Sparkasse KolnBonn and Commerzbank AG,

12  on the other, are referred to herein as the "Credit Agreements."  Sparkasse KolnBonn and

13  Commerzbank AG are referred to herein collectively as the "Banks."  Despite requests from the

14  Debtor to the Banks, the only copies of the Credit Agreements provided to date from the Banks to

15  the Debtors are in German.

16          Pursuant to the Credit Agreements, the Debtor allegedly granted the Banks security interests

17  (the "Security Interests") in certain assets of the Debtor (the "Alleged Collateral").  However, the

18  Banks did not perfect the Security Interest.  Therefore, pursuant to section 544 of the Bankruptcy

19  Code, the Security Interest is avoidable by the Debtor and/or is inferior to the Debtor's interest in the

20  Alleged Collateral.  The Banks do not dispute this conclusion, and the Debtor and the Banks are

21  currently negotiating stipulations to resolve the Banks' alleged security interest.

22              **6.       Current Events**

23          The Debtor, with the assistance of their financial advisor, Thomas Paccioretti, from

24  Broadway Advisors, has created materials to market its assets to potential buyers and is currently

25  working to develop a potential stalking horse bidder.  The Debtor anticipates that it will shortly have

26  sorted through its options and commenced proceedings to obtain the Court's authorization for its

27  proposed course of action.

28

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

7

1    As of the filing of this Motion, the Debtor has approximately $500,000 in its Debtor in

2    Possession bank accounts, and has accounts receivables and other assets which, if liquidated, it

3    estimates will bring no less than an additional $500,000 into the Estate.  The Debtor's postpetition

4    sales exceed $1 million.  The Debtor has no secured debt, is paying all postpetition administrative

5    expense obligations in the ordinary course of business, and has established a prepetition retainer with

6    its counsel that it anticipates will pay for most, if not all, of its chapter 11 legal and professional

7    expenses.  Thus, the Debtor is confident that there will be funds available to pay administrative rent

8    through the proposed extended deadline of February 21, 2008.

9    **B.    The Leases**

10    This Motion seeks an extension as to the following two unexpired non-residential real

11    property leases:

12    **1.    The Warehouse Lease**

13    The Debtor has a lease for its warehouse located on Lot Number Six, Section Two, Midwest

14    Industrial Park, Richmond, Wayne County, Indiana (the "Warehouse Lease").  The landlord for the

15    Warehouse Lease is Focus Three, LLC, an Indiana Limited Liability Corporation.  The Lease is for a

16    building of approximately 130,000 square feet.  The Warehouse Lease is dated May 31, 2001, but

17    commenced on January 15, 2002 and continues through January 14, 2012.  The monthly obligation

18    on the Warehouse Lease is currently $34,160.00; after January 15, 2008, this obligation will increase

19    to $35,185.00.

20    **2.    The Office Lease**

21    The Debtor has a lease for its office located at 1663 Sawtelle Boulevard, Los Angeles,

22    California 90025 (the "Office Lease").  The landlord for the Office Lease is currently 1663 Sawtelle

23    LLC, a California Limited Liability Corporation (at the time the Office Lease was signed the

24    landlord's name was ESKO, LLC).  The Office Lease is for approximately 14,700 square feet,

25    consisting of two levels of office area and two levels of parking (one level of office area is currently

26    sub-leased).  The Office Lease commenced on August 1, 2003 and ends on July 31, 2013.  The

27    monthly base rent on the Office Lease is $25,492.77, which amount is not subject to increase until

28    August 2008.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

8

17988-001\DOCS_LA:174495.1

1    Postpetition, and as of the filing of this Motion, the Debtor has paid its obligations under the

2    Leases for the months of August, September and October.  Further, as set forth in the Declaration of

3    Wolfgang P. Fetten filed concurrently herewith, the Debtor has postpetition revenues of $1 million,

4    $500,000 in the bank and thus sufficient funds to continue to pay administrative rent through the

5    proposed extended deadline of February 21, 2008.

6                                   **IV.**

7                              **ARGUMENT**

8    **A.    Applicable Legal Standard**

9    The Bankruptcy Code sets a deadline of 120 days after the commencement of a bankruptcy

10   case within which debtors must assume, assume and assign, or reject unexpired non-residential real

11   property leases.  11 U.S.C. § 365(d)(4)(A).  However, the Bankruptcy Code also provides that the

12   bankruptcy court may extend the deadline, prior to the expiration of the 120-day period, for 90 days

13   on the motion of the debtor for cause.  11 U.S.C. § 365(d)(4)(B).  Thus, the Court can, for cause,

14   order a 90-day extension of the period during which the Debtor must assume, assume and assign, or

15   reject its two unexpired non-residential real property leases.

16   Courts have cited the following factors, among others, to determine whether "cause" existed:

17       (i)    where the lease is an important asset of the estate, such that the
     decision to assume or reject it would be central to any plan;

18

19       (ii)    where the debtor has had insufficient time to intelligently
     appraise its financial situation and the potential value of the lease in
     terms of a potential plan; and

20

21       (iii)    the existence of any other facts indicating the lack of
     reasonable time to decide whether to assume or assign a lease.

22   *In re Wedtech Corp.*, 72 B.R. 464, 471-72 (Bankr. S.D.N.Y. 1987).  The Bankruptcy Appellate Panel

23   for the Ninth Circuit endorsed the foregoing multi-faceted approach to requests for an extension

24   under section 365(d)(4) of the Bankruptcy Code.  *See In re Victoria Station Inc.*, 88 B.R. 231, 236

25   n.7 (9th Cir. BAP 1988) ("There are numerous important factors in support of and against an

26   extension of time. . . .  These factors include, whether the leases are the primary assets of the debtor

27   [and] whether the lessor continues to receive rental payments."), *aff'd*, 875 F.2d 1380 (9th Cir.

28   1989).  *See also In re Am. Healthcare Mgmt., Inc.*, 900 F.2d 827, 830 (5th Cir. 1990) ("in some cases

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

9

1   [the time period provided in section 365(d)(4)] will not be enough time for bankruptcy lessees to

2   decide whether to assume or reject leases. In those circumstances, upon adequate demonstration of

3   cause, bankruptcy courts may grant lessees extensions of time in which to assume or reject."); *In re*

4   *Musikahn Corp.*, 57 B.R. 938, 942 (Bankr. E.D.N.Y. 1986).

5       Although section 365(d)(4) of the Bankruptcy Code was amended in 2005, prior cases

6   remain informative. 3 *Collier on Bankruptcy* ¶ 365.04[4], at 365-48 (15th ed. rev. 2007) ("Prior law

7   interpreting section 365(d)(4) should continue to apply as to the remainder of the issues that arise in

8   the context of assumption or rejection of a nonresidential real property lease.").

9   **B.     Cause for an Extension of the Deadline Exists With Respect to the Leases.**

10      As discussed above, the Debtor is pursuing possible stalking horse bidders to sell its assets

11  and its business as a going concern. Maintaining the Leases is essential to that plan because the two

12  leased premises, the warehouse and the office, form the backbone of the Debtor's operations. A

13  premature rejection of the Leases would significantly disrupt operations and hurt the Debtor's going

14  concern value. Rejection of the Warehouse Lease would require the relocation of the Debtor's

15  products. Rejection of the Office Lease would impinge on the sale of the Debtor's products, and the

16  collection of the Debtor's accounts receivables. On the other hand, prematurely assuming the Leases

17  would saddle the estate with burdensome and unnecessary administrative expenses.

18      The Debtor has had insufficient time to intelligently appraise its financial situation and the

19  potential value of its Leases. The Debtor was forced to file for bankruptcy protection in late July

20  because of a law suit which stripped it of control over its bank accounts. It had not done any pre-

21  bankruptcy analysis of the Leases nor had it looked for potential buyers. The Debtor has been

22  pursuing possible buyers since it filed its bankruptcy petition, but needs additional time.

23      Further, the landlords will not be prejudiced if this Motion is granted. During the requested

24  extension period, the Debtor will continue to comply with its obligations under the Leases. As stated

25  previously, the Debtor has paid its rental obligations under the Leases for August, September and

26  October. The Debtor expects to have ample funds to continue to pay for rent for the Leases through

27  February, 2008.

28

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

17988-001\DOCS_LA:174495.1

1    Based on the foregoing, the Debtor submits that good cause exists for the requested

2    extension and such extension is in the best interest of the estate.

3                                                    **V.**

4                                          **CONCLUSION**

5    WHEREFORE, the Debtor respectfully requests that the Court enter an Order (a) granting

6    the Motion, (b) extending the time for the Debtor to assume or reject the Leases until February 21,

7    2008, and (c) granting such other and further relief as it deems necessary and appropriate.

8

9    Dated:  October 26, 2007              PACHULSKI STANG ZIEHL & JONES LLP

10

11                                         By _____
                                              Samuel R. Maizel
                                              Attorneys for Debtor and Debtor in Possession

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

17988-001\DOCS_LA:174495.1

1

## PROOF OF SERVICE

2    STATE OF CALIFORNIA            )
                                   )
3    COUNTY OF LOS ANGELES         )

4

5        I, Joyce A. Higgins, am employed in the city and county of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 10100 Santa Monica Blvd., 11th Floor, Los Angeles, California 90067-4100.

6

7        On October 26, 2007, I caused to be served the **NOTICE OF MOTION AND MOTION OF DEBTOR FOR ORDER EXTENDING DEADLINE TO ASSUME, ASSUME AND ASSIGN, OR REJECT NONRESIDENTIAL REAL PROPERTY LEASES PURSUANT TO 11 U.S.C. § 365(D)(4);**

8    **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF,** in this action by placing a true and correct copy of said document(s) in sealed envelopes addressed as follows:

9
                                *[Please See Attached Service List]*

10

11    ☑  (BY MAIL) I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California, in the

12    ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after

13    date of deposit for mailing in affidavit.

14    ☐  (BY NOTICE OF ELECTRONIC FILING) I caused to be served the above-described document by means of electronic transmission of the Notice of Electronic Filing through the

15    Court's transmission facilities, for parties and/or counsel who are registered ECF Users.

16    ☐  (BY FAX) I caused to be transmitted the above-described document by facsimile machine to the fax number(s) as shown. The transmission was reported as complete and without error.

17    (Service by Facsimile Transmission to those parties on the attached List with fax numbers indicated.)

18

19    ☐  (BY PERSONAL SERVICE) By causing to be delivered by hand to the offices of the addressee(s).

20    ☐  (BY OVERNIGHT DELIVERY) By sending by  to the addressee(s) as indicated on the attached list.

21

22        I declare that I am employed in the office of a member of the bar of this Court at whose direction was made.

23        Executed on October 26, 2007, at Los Angeles, California.

24

25    _____
                                    Joyce A. higgins

26

27

28

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## MASTER SERVICE LIST
## IN RE: DELTA ENTERTAINMENT

### DEBTOR

Delta Entertainment
Attn:  Wolfgang Fetten
1663 Sawtelle Blvd., Suite 230
Los Angeles, CA  90025

Broadway Advisors, LLC
Attn:  Tom Paccioretti
333 Grand Avenue, Suite 4200
Los Angeles, CA  90071

### U.S. TRUSTEE'S OFFICE

Office of the U.S. Trustee
Attn:  Russell Clementson
725 S. Figueroa Street, Suite 2600
Los Angeles, CA  90017

### COMMITTEE OF CREDITORS

Latin Music Entertainment
Nassim J. Baly
10835 Chandler Blvd.
North Hollywood, CA  91061

Marsh Supermarkets
David O'Malia
9800 Crosspoint Blvd.
Indianapolis, IN  46256-3350

Mr. Paperback
Beth Seaney
1135 Hammond Street
Bangor, ME  04401

Shorewood Packaging
Mark Wiklund
4049 Willow Lake Blvd.
Memphis, TN  38118

Sony DADC US Inc.
Beecher Wilhelm
1800 N. Fruitridge Avenue
Terre Haute, IN  47802

### IN HOUSE COUNSEL FOR COMMERZBANK
Michael Fruchter
Commerzbank AG, New York Branch
2 World Financial Center
New York, NY  10281

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1  **COUNSEL FOR SPARKAZZE KOLNBONN**
   Sara L. Chenetz, Esq.
2  DLA Piper US LLP
   1999 Avenue of the Stars, Suite 400
3  Los Angeles, CA  90067-6023

4  Commerzbank AG
   Kaiserplatz
5  Frankfurt am Main
   60261 Frankfurt
6
   Whamo Entertainment/Mar Vista
7  Entertainment
   Attn:  Joseph Szew
8  12519 Venice Blvd.
   Los Angeles, CA 90066
9
   White Tiger Graphics, Inc.
10 Attn:  Brad Johnson
   1505 The Boardwalk
11 Huntsville, AL  35816

12 **GERMAN TRUSTEE FOR DELTA
   MUSIC HOLDING COMPANY AG**
13 Dr. Frank Kebekus
   Rechtswanwälte
14 Carl-Theodor-Str. 1
   40213 Düsseldorf
15 Germany

16 **REQUEST FOR SPECIAL NOTICE**

17 **COUNSEL FOR SONY**
   Stephen S. Monroe
18 Law Offices of David B. Bloom, APC
   3580 Wilshire Blvd., Suite 1045
19 Los Angeles, CA  90010

20 **COUNSEL FOR THE HARRY FOX AGENCY, INC.**
   Adam A. Lewis, Esq.
21 Vincent J. Novak, Esq.
   Morrison & Foerster LLP
22 425 Market Street
   San Francisco, CA  94105-2482
23
   CWY Credit
24 Bankruptcy Department
   Con-Way Freight
25 **Attention:  Susan De la Cruz**
   Credit / Collection Manager
26 5555 Rufe Snow Drive
   North Richland Hills, TX  76180
27

28

17988-001\DOCS_LA:174495.1                          2

1  Los Angeles County Treasurer and Tax Collector
   P.O. Box 54110
2  Los Angeles, CA 90051-0110

3  **COUNSEL FOR OFFICIAL COMMITTEE**
   **OF UNSECURED CREDITORS OF DELTA**
4  **ENTERTAINMENT CORPORATION**
   Jeffrey M. Reisner, Esq.
5  Irell & Manella LLP
   840 Newport Center Drive
6  Suite 400
   Newport Beach, CA 92660

7
   **COUNSEL FOR HIGH YIELD**
8  Timothy D. Elliott, Esq.
   Rathje & Woodward, LLC
9  300 E. Roosevelt Road
   Suite 300
10 Wheaton, IL 60187

11 Stephanie Pool
   105 Flightline Drive
12 Fredericksburg, VA 22405

13 **COUNSEL FOR RALPH JUNGHEIM**
   **ASSOCIATES, INC. DBA BUSTER ANN MUSIC**
14 Craig G. Margulies, Esq.
   Law Offices of Craig G. Margulies, A.P.L.C.
15 6345 Balboa Blvd., Ste. I-300
   Encino, CA 91316
16
   **COUNSEL FOR ESKO, LLC**
17 James T. King, Esq.
   King & Associates
18 315 W. Arden Avenue
   Suite 28
19 Glendale, CA 91203

20 **COUNSEL TO WAREHOUSE LANDLORD**
   Gary M. Hoke, Esq.
21 Barnes & Thornburg LLP
   11 South Meridian Street
22 Indianapolis, IN 46204

23 **WAREHOUSE LANDLORD**
   Focus Three, LLC
24 Attn: Rhett Baumgartner
   P.O. Box 1504
25 Richmond, IN 47375

26 **OFFICE LANDLORD**
   1663 Sawtelle LLC
27 P.O. Box 49505
   Los Angeles, CA 90049
28

17988-001\DOCS_LA:174495.1                                    3